UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIUS MARTICE MCCRARY,

    Petitioner,

v.

STEVE RIVARD,

    Respondent.

Case No. 14-cv-14485
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY [4]
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

On November 21, 2014, Petitioner Darrius Martice McCrary filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (Dkt. 1.) Shortly thereafter, he filed a motion to stay this case to allow him to exhaust state remedies for one of his claims. (Dkt. 4.) For the reasons that follow, the motion will be granted and the habeas petition will be held in abeyance pending exhaustion of state remedies.

**I. BACKGROUND**

Petitioner was convicted in Oakland County Circuit Court of first-degree murder (under two theories), Mich. Comp. Laws § 750.316, first-degree home invasion, Mich. Comp. Laws § 750.110a, and three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment for the murder, seven to twenty years in prison for the home invasion, and two years in prison for possession of a firearm during the commission of a felony.

Petitioner appealed his convictions on grounds that: (1) the trial court deprived him of his right to present a defense by denying his request for a jury instruction on voluntary

manslaughter; (2) the prosecutor's comments on Petitioner's failure to present a defense violated his constitutional rights and shifted the burden of proof; and (3) the judgment of sentence improperly reflects two convictions for first-degree murder and felony firearm even though there was only one homicide. The Michigan Court of Appeals affirmed Petitioner's convictions, but vacated one conviction for felony firearm. *See People v. McCrary*, No. 308237, 2013 WL 2662752 (Mich. Ct. App. June 13, 2013). On November 25, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. McCrary*, 495 Mich. 901; 839 N.W.2d 470 (2013) (table).

On November 21, 2014, Petitioner filed his habeas petition, raising the same three issues that he presented to the state court. He also raises a fourth issue regarding the use of allegedly inflammatory photographs at trial. Petitioner claims that he raised this issue in a post-conviction motion for relief from judgment, which is pending in the state trial court. (Pet. at 11.) In his motion for a stay, filed on December 8, 2014, Petitioner asks the Court to hold his habeas petition in abeyance while he exhausts state remedies for his fourth claim.

## II. ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have

been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner alleges that he exhausted state remedies for his first three claims on direct appeal and that he is in the process of exhausting state remedies for his fourth claim. As such, his petition is a "mixed" petition of exhausted and unexhausted claims. Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). But because Petitioner filed his petition nearly a year after the Michigan Supreme Court denied leave to appeal, dismissal of this case could result in a subsequent petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

In such a situation, the Supreme Court has authorized a "stay-and-abeyance" procedure in which a federal court stays an action and holds a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the petitioner exhausts state remedies, the district court can lift the stay and allow him to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

As noted above, the one-year statute of limitations would pose an issue if this Court were to dismiss the Petition. And while Petitioner ultimately may not prevail on his unexhausted claim, he has already raised the issue in state court and he does not appear to be engaged in dilatory litigation tactics. Moreover, he alleges that "ineffective appellate counsel" was the cause for his failure to raise the issue on direct appeal. The Court therefore concludes that it is not an abuse of discretion to stay these proceedings while Petitioner continues pursuing his state remedies. Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay (Dkt. #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, within **ninety (90) days** of exhausting state remedies for the fourth claim. The motion and amended petition shall contain the same case number that appears on this order. Any failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *petition for cert filed*, No. 14-7246 (U.S. Nov. 7, 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2015

4

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 27, 2015.

                                            s/Jane Johnson
                                            Case Manager to
                                            Honorable Laurie J. Michelson