UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIUS MCCRARY,

    Plaintiff,

v.

STEVE RIVARD,

    Defendant.

Case No. 14-cv-14485
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER GRANTING MOTION TO REOPEN CASE AND AMEND PETITION [7]**

On November 21, 2014, Petitioner Darrius Martice McCrary filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (Dkt. 1.) Shortly thereafter, he filed a motion to stay this case to allow him to exhaust state remedies for one of his claims. (Dkt. 4.) On January 27, 2015, the Court granted Petitioner's motion for a stay, held his petition in abeyance pending exhaustion of state remedies, and closed this case for administrative purposes. (Dkt. 6.) Now before the Court is Petitioner's motion to amend his habeas petition and to re-open this case. (Dkt. 7.) For the reasons that follow, Petitioner's motion will be granted, this case will be re-opened, and Petitioner will be ordered to file an amended petition.

**I.**

Petitioner was convicted in Oakland County Circuit Court of first-degree murder (under two theories), Mich. Comp. Laws § 750.316, first-degree home invasion, Mich. Comp. Laws § 750.110a, and three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment for the murder, seven to twenty years in prison for the home invasion, and two years in prison for possession of a firearm during the commission of a felony.

Petitioner appealed his convictions on grounds that: (1) the trial court deprived him of his right to present a defense by denying his request for a jury instruction on voluntary manslaughter; (2) the prosecutor's comments on Petitioner's failure to present a defense violated his constitutional rights and shifted the burden of proof; and (3) the judgment of sentence improperly reflected two convictions for first-degree murder and felony firearm even though there was only one homicide. The Michigan Court of Appeals affirmed Petitioner's convictions, but vacated one conviction for felony firearm. *See People v. McCrary*, No. 308237, 2013 WL 2662752 (Mich. Ct. App. June 13, 2013). On November 25, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. McCrary*, 495 Mich. 901; 839 N.W.2d 470 (2013) (table).

On November 21, 2014, Petitioner filed his habeas petition, raising three issues similar to the ones that he presented to the state court and a fourth issue regarding the admission of inflammatory colored photographs at his trial. (Dkt. 1.) Petitioner contended that he raised his fourth claim in a post-conviction motion for relief from judgment which was pending in the state trial court. In a motion for a stay filed on December 8, 2014 (Dkt. 4), Petitioner asked the Court to hold his habeas petition in abeyance while he exhausted state remedies.

On January 27, 2015, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes. The Court ordered Petitioner to file an amended habeas corpus petition and a motion to re-open this case within ninety days of exhausting state remedies for his fourth claim if he was unsuccessful in state court and wished to re-open this case. (Dkt. 6.) On October 20, 2016, Petitioner filed his motion to amend the habeas petition and to re-open this case.

Petitioner alleges that the Michigan Supreme Court recently denied his application for leave to appeal the trial court's decision on his motion for relief from judgment and that he has complied with the Court's previous order by filing a timely motion to re-open his case. A review of the state trial court's docket confirms Petitioner's allegations. It appears that Petitioner filed a motion for relief from judgment on November 7, 2014, and that the trial court denied his motion on April 6, 2015. *See People v. McCrary*, No. 2011-237893-FC (Oakland Cty. Cir. Ct. filed Aug. 16, 2011). It further appears that Petitioner appealed the trial court's post-judgment decision to the Michigan Court of Appeals, *see id.*, and that the Michigan Supreme Court denied leave to appeal on September 6, 2016. *See People v. McCrary*, 500 Mich. 853; 883 N.W.2d 753 (2016). Petitioner filed a timely motion to re-open this case on October 20, 2016.

## II.

Petitioner has largely complied with this Court's prior order: he has returned to state court, represents that he pursued available state remedies to exhaust his new claim, and filed a motion to reopen his case within 90 days of completing that process. However, Petitioner failed to attach an amended petition to his motion as this Court ordered him to do.

Accordingly, IT IS ORDERED that Petitioner's motion to amend his habeas petition and to re-open this case (Dkt. 7) is GRANTED. The Clerk of the Court shall reinstate this case on the Court's active docket.

IT IS FURTHER ORDERED that the Clerk of the Court shall amend the docket to reflect Petitioner's current address at the Muskegon Correctional Facility in Muskegon, Michigan and his current warden, S. L. Burt. Petitioner is reminded to keep the Court informed of any future changes in his address. *See* Notice Regarding Parties' Responsibility to Notify Court of Address Changes (Dkt. 5.)

IT IS FURTHER ORDERED that Petitioner shall file an amended habeas corpus petition using the amended caption (*Darrius Martice McCrary v. S. L. Burt*) and the case number that appears on this order. The amended petition shall include all the exhausted claims that Petitioner wishes to have the Court consider. The petition shall be due within thirty (30) days of the date of this order. Failure to comply with this order may result in the dismissal of this case.

SO ORDERED.

Dated: March 28, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2017.

s/Keisha Jackson
Case Manager