UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIUS MCCRARY,

    Petitioner,

v.

S.L. BURT,

    Respondent.

Case No. 14-CV-14485
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [9] AND DENYING CERTIFICATE OF APPEALABILITY

Darrius McCrary has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. McCrary challenges his state-court convictions for first-degree murder, first-degree home invasion, and possession of a firearm during a felony. The claims lack merit and for the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

## I.

McCrary's convictions stem from the November 25, 2010, murder of Fredricka Dixon. The Michigan Court of Appeals described the underlying facts, which are presumed to be correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> On November 25, 2010, Thanksgiving Day, around 8:00 p.m., Dixon and her son were home alone. Her son went upstairs and played video games. At some point he went to the kitchen to warm some food. While in the kitchen, Dixon's son heard a "jingle" on the door, like someone was trying to open it. He looked through the peephole and saw McCrary on the porch; he was talking on his phone. Dixon's son checked to see if the door was locked and it was. He yelled downstairs to his mother and told her that McCrary was outside. He said his mother told him to lock the door. He continued to warm up his food and went back upstairs. A few minutes later, he went downstairs to retrieve his food and saw McCrary pacing out front while apparently trying to call someone. Dixon's son said his mother came up from

> downstairs at that point with a phone in her hand and walked into the living room. He then heard a bang, a loud noise like someone kicked in the door. He was very startled. When he left the kitchen he saw his mother running. McCrary was standing with a gun near the front door and shot Dixon three times.

*People v. McCrary*, No. 308237, 2013 WL 2662752, at *2 (Mich. Ct. App. June 13, 2013).

The jury convicted McCrary of first-degree murder under two theories, premeditated murder and felony murder, as well as first-degree home invasion and three counts of possession of a firearm during a felony ("felony-firearm"). (ECF No. 13-10, PageID.631.) He was sentenced to life in prison without the possibility of parole for the murder conviction, concurrent to seven to twenty years for the home invasion conviction, and a consecutive two years for each felony-firearm conviction. (ECF No. 13-11, PageID.647.)

McCrary then filed an appeal of right in the Michigan Court of Appeals, raising three claims: (1) the trial court abused its discretion by denying his request for a jury instruction on voluntary manslaughter; (2) the prosecutor's comments on McCrary's failure to present a defense violated his Fifth and Fourteenth Amendment rights; and (3) the trial court's judgment violated double jeopardy by including convictions and sentences on three counts of felony-firearm. (ECF No. 13-14, PageID.705–708.) The Court issued an opinion vacating the second felony-firearm conviction and affirming all other convictions. *McCrary*, 2013 WL 2662752, at *4. The Michigan Supreme Court denied McCrary's application for leave. *People v. McCrary*, 839 N.W.2d 470 (Mich. 2013) (mem.).

McCrary then filed a habeas petition with this Court, which was held in abeyance to permit him to return to the state courts to exhaust additional claims. *McCrary v. Rivard*, No. 14-CV-14485, 2015 WL 357154, at *1 (E.D. Mich. Jan. 27, 2015).

Thereafter, McCrary filed a motion for relief from judgment in state court, raising a claim that he was denied due process because of the presentation of colored autopsy photographs. The

trial court denied the motion because McCrary could not establish good cause for failing to raise the issue on appeal pursuant to Michigan Court Rule 6.508(D)(3)(a). (ECF No. 13-13.) McCrary then filed a motion for leave to appeal, which the Michigan Court of Appeals denied. (ECF No. 13-16, PageID.833.) The Michigan Supreme Court likewise denied leave. *People v. McCrary*, 883 N.W.2d 753 (Mich. 2016) (mem.).

This Court then granted McCrary's motion to amend and reopen the instant case. (ECF No. 7.) McCrary filed his amended petition on April 24, 2017. (ECF No. 9.) It includes the three claims in the original petition and the due process claim raised in his motion for relief from judgment. (*Id.* at PageID.66.)

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). If a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But if the state courts did not adjudicate a claim "on the merits," this "'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

## III.

### A.

McCrary first contends that the trial court committed reversible error by failing to provide a jury instruction on voluntary manslaughter.

Under Michigan law, voluntary manslaughter is a lesser-included offense of first-degree murder. *People v. Mendoza*, 664 N.W.2d 685, 693 (Mich. 2003). When a defendant is charged with murder, an instruction on voluntary manslaughter "is appropriate only when a rational view of the evidence supports a conviction for the lesser offense." *Id.* at 694.

The Michigan Court of Appeals denied McCrary's claim. The court concluded that the evidence was insufficient to establish adequate provocation and, because the jury ultimately convicted McCrary of first-degree murder, any error in failing to provide the instruction was harmless. *McCrary*, 2013 WL 2662752, at *2.

"[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) (citation omitted). The "only question" is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (citations omitted). Thus, "[e]ven if there is some 'ambiguity, inconsistency, or deficiency' in the instruction, such an error does not necessarily constitute a due process violation." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (citation omitted). "[A]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1079 (6th Cir. 2015) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

Because this claim was adjudicated on the merits, the findings of the Court of Appeals are entitled to deference under § 2254(d). Here, McCrary has not shown that the Court of Appeals'

determination that the trial court did not need to instruct on the lesser-included offense was contrary to or an unreasonable application of Supreme Court precedent. "Simply put, the Constitution does not require a lesser-included offense instruction in non-capital cases. . . . [T]he Supreme Court has never so held." *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (internal quotation marks omitted); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (holding that involuntary manslaughter instruction was not required under Due Process Clause where petitioner was charged with first-degree murder under Michigan law). McCrary's case was not capital.

Nor was it unreasonable for the state court to find insufficient evidence of provocation to warrant a manslaughter instruction. Although McCrary and Dixon had dated, they had been broken up for months before Dixon's murder. Dixon was dating somebody else at the time, and McCrary "knew about Dixon's new boyfriend for some time and he had ample opportunity to reflect on the situation" prior to the murder. *McCrary*, 2013 WL 2662752, at *2. Thus, as addressed by the Court of Appeals, even if the existence of Dixon's new boyfriend could be considered a provocation, there was ample time for a reasonable person to cool off and there was no evidence of additional provocation immediately before the murder. Further, McCrary arrived at Dixon's house armed and "paced in front of the home," trying to let himself in on the night of her murder. *Id.* As the Court of Appeals reasonably concluded, "[r]efusing to let someone in is not the kind of act that is so severe or extreme as to provoke a reasonable man to kill." *Id.* (citing *People v. Sullivan*, 586 N.W.2d 578, 582 (Mich. Ct. App. 1998)). The Michigan Court of Appeals also reasonably concluded that the failure to give the voluntary manslaughter instruction did not prejudice McCrary, given the jury's verdict of first-degree premeditated murder.

McCrary cannot establish that the jury instructions, taken as a whole, rendered his trial fundamentally unfair. *See Estelle*, 502 U.S. at 72 ("It is well established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." (internal quotation marks and citation omitted)). It was reasonable for the Court of Appeals to find that McCrary's due process rights were not violated. McCrary is not entitled to habeas relief on this claim.

**B.**

McCrary next asserts that the prosecutor improperly asserted during closing arguments that McCrary failed to present a defense. He argues that the following statements, offered in the prosecution's rebuttal argument, improperly shifted the burden of proof and emphasized that McCrary did not testify on his own behalf: "There is nothing that has been shown to you through defense witnesses or in any regard that disproves any of the elements of the charges. Nothing has been shown to you that negates his intent." (ECF No. 13-9, PageID.620.) The Warden counters that this claim is procedurally defaulted or, in the alternative, fails on the merits.

The Michigan Court of Appeals reviewed this claim for "plain error" because the comments were not objected to at trial. *McCrary*, 2013 WL 2662752, at *2.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85–87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). In *Wainwright,* the United States Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *See* 433 U.S. at 85.

So a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263–64 (1989). The last explained state-court judgment should be used to make this determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–05 (1991). If the last state-court judgment is silent or an unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing McCrary's prosecutorial misconduct claim, the court relied upon a state procedural bar—McCrary's failure to make a contemporaneous objection to the statements—in denying relief. The failure to make a contemporaneous objection is a recognized and firmly established independent and adequate state law ground for refusing to review trial errors. *People v. Carines*, 597 N.W.2d 130, 138 (Mich. 1999); *People v. Stanaway,* 521 N.W.2d 557, 579 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits and conducting plain-error review. *Fleming v. Metrish*, 556 F.3d 520, 539 (6th Cir. 2009) (citing *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)); *Paprocki v. Foltz,* 869 F.2d 281, 285 (6th Cir. 1989)).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.

7

*Coleman,* 501 U.S. at 753; *Gravley v. Mills,* 87 F.3d 779, 784–85 (6th Cir. 1996). Here, McCrary neither alleges nor establishes cause to excuse his default. And the Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Long v. McKeen,* 722 F.2d 286, 289 (6th Cir. 1983).

Additionally, McCrary has not established that a fundamental miscarriage of justice has occurred. The miscarriage-of-justice exception requires a showing that a constitutional violation probably resulted in the conviction of a person who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. McCrary has made no such showing. His claim based on alleged prosecutorial misconduct is thus barred by procedural default and does not warrant habeas relief.

Even if the Court could excuse the procedural default, McCrary would still not be entitled to relief. Although the Michigan Court of Appeals rejected the claim under the umbrella of plain-error review, that is still an "on the merits" determination for purposes of § 2254(d). *See Stewart v. Trieweiler*, 867 F.3d 633, 638 (6th Cir. 2017).

The Michigan Court of Appeals' decision was not contrary to and did not involve an unreasonable application of clearly established federal law; nor was it based on unreasonable fact finding. The applicable law here is *Darden v. Wainwright*, 477 U.S. 168 (1986). *See Parker v. Matthews*, 567 U.S. 37, 45 (2012). That case explained that "a prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make

8

the resulting conviction a denial of due process.'" *Parker*, 567 U.S. at 45 (quoting *Darden*, 477 U.S. at 181).

Here, the Michigan Court of Appeals reasoned that the prosecutor's statements were made in response to defense counsel's statements about McCrary's intent, specifically that "the evidence presented failed to show . . . malicious intent" and that the fact McCrary and Dixon were on the phone before the incident demonstrates that he acted on impulse. *McCrary*, 2013 WL 2662752, at *3. The Court of Appeals concluded that the remarks were not improper and did not shift the burden of proof.

A review of the record demonstrates that the Michigan Court of Appeals' decision is consistent with federal law and a reasonable application thereof. *See* 28 U.S.C. § 2254(d)(1). There is nothing to indicate that the prosecutor's isolated comments were so pronounced and persistent as to permeate the entire atmosphere of the trial. Further, there is no evidence that the comments prejudiced McCrary as there was ample, competent proof of his guilt. Finally, any potential confusion caused by the statements was mitigated by the Court's repeated jury instructions that the burden of proof rested with the state. (ECF No. 13-9, PageID.622–623.) McCrary is not entitled to habeas relief on this basis.

## C.

McCrary next argues that his right against double jeopardy was violated because the initial judgment of sentence contained two convictions for first-degree murder and three convictions for felony-firearm.

In addressing this claim, the Court of Appeals concluded that the judgment "properly reflect[ed] his conviction of first-degree murder premised on two theories with one life sentence."

9

*McCrary*, 2013 WL 2662752, at *4. The Court of Appeals then vacated one conviction for felony-firearm, reasoning as follows:

> When a defendant who has committed a felony and a concurrent single homicide is charged with, and convicted of, first-degree premeditated murder, first-degree felony-murder, and the felony underlying the felony-murder charge, to avoid double-jeopardy implications, the defendant should receive one conviction for first-degree murder, supported by two theories. McCrary's amended judgment of sentence properly reflects his conviction of first-degree murder premised on two theories with one life sentence. . . .
>
> McCrary argues—and the prosecution concedes—that one felony-firearm conviction and sentence should be vacated because the jury found him guilty of felony-firearm under both murder theories. Because McCrary could only be convicted of one first-degree murder charge, albeit under two theories, he should only receive one felony-firearm conviction and sentence premised on that conviction. Therefore, we vacate one of McCrary's felony-firearm convictions premised on his first-degree murder conviction.

*McCrary*, 2013 WL 2662752, at *4 (citations omitted). As a result, the trial court entered an amended judgment of sentence, reflecting that one of the convictions for felony-firearm (count 4) had been "VACATED PER SC ORDER." *See* Oakland Co. Cir. Ct. Register of Actions, Case No. 2011-237893-FC.

The Warden asserts that McCrary's double-jeopardy claim is moot because he has already been granted relief on his claim. McCrary disagrees, asserting that he is entitled to a judgment of sentence reflecting "one count of first degree murder supported by two theories (premeditated and felony murder) and one single sentence, as well as one felony-firearm conviction and sentence[.]" (ECF No. 14, PageID.929–930.)

McCrary misreads the order from the Court of Appeals and the amended order of judgment. For clarification, the jury convicted McCrary of two first-degree felonies: 1) first-degree murder, premeditated and felony, Mich. Comp. Laws § 750.316; and 2) first-degree home invasion, Mich. Comp. Laws § 750.110a(2). The jury further convicted him of three counts of felony-firearm—

one for premeditated first-degree murder, one for felony first-degree murder, and one for first-degree home invasion. Mich. Comp. Laws § 750.227b(1). Michigan's felony-firearm statute provides for "an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *People v. Calloway*, 671 N.W.2d 733, 735 (2003). McCrary's felony convictions do not fall within the four exceptions enumerated in the statute. Mich. Comp. Laws § 750.227b(1).

In the petition, McCrary asserts that there "must be just one sentence for first-degree murder and related felony firearm (not two)." (ECF No. 9, PageID.112.) The mistake in the original judgment of sentence was rectified by the Court of Appeals and the amended order of judgment properly reflects that he was convicted of one count of first-degree murder under two theories, and that one conviction for felony-firearm was vacated as a result of the Court of Appeals' order. Thus, McCrary has already been granted the relief he seeks and this claim is moot. "[A] federal court has no authority 'to give opinions upon moot questions.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Here, because the judgment has already been amended consistent with McCrary's request, it is impossible for this Court to grant any effectual relief. Accordingly, McCrary is not entitled to habeas relief on this claim.

**D.**

Finally, McCrary asserts that the state court violated his due process rights in allowing the admission of colored autopsy photographs. He raised this issue for the first time in a motion for relief from judgment. The state trial court denied the motion, finding that the issue could have been raised previously and that good cause did not excuse the default. (ECF No. 13-13, PageID.681.)

The Warden argues that the claim is procedurally defaulted, non-cognizable on habeas review, and without merit.

To determine whether a procedural bar applies to a claim raised in post-conviction proceedings, the Court must again "look to the last reasoned state court opinion." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc). Here, that comes from the state trial court.

The state trial court opinion relied on a state procedural bar—Michigan Court Rule 6.508(D)(3)—in denying relief. *See Guilmette* 624 F.3d at 291 (referring to M.C.R. 6.508(D)(3) as the "procedural default rule"). Reliance upon Michigan Court Rule 6.508(D)(3) is an "independent and adequate state ground sufficient for procedural default," requiring McCrary to raise the claim during his direct appeal. *See, e.g.*, *McFarland v. Yukins*, 356 F.3d 688, 698 (6th Cir. 2004).

As addressed above, McCrary has therefore waived the right to federal habeas review on this claim, absent a showing of cause for noncompliance and actual prejudice, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley*, 87 F.3d at 784–85. McCrary neither alleges nor establishes cause to excuse his default, and the Court thus need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Further, McCrary has not established that a fundamental miscarriage of justice has occurred. He has made no demonstration that the use of colored autopsy photos resulted in the conviction of an innocent person. *Schlup*, 513 U.S. 298 at 326–27. Nor has he supported his allegations of constitutional error with new evidence. *Schlup*, 513 U.S. at 324. As a result, his claim based on the trial court's decision to allow colored autopsy photographs to be shown to the jury is barred by procedural default.

And even if the evidentiary claim were not procedurally defaulted, it would not be cognizable on habeas review. "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). "States have wide latitude with regard to evidentiary matters under the Due Process Clause." *Wilson v. Sheldon*, 874 F.3d 470, 476 (6th Cir. 2017). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003). Put another way, "state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). Here, McCrary cannot show that the trial court's decision to allow the jury to view color autopsy photographs offends a fundamental principle of justice. He is not entitled to relief on this claim.

## IV.

Before McCrary may appeal this decision, "a circuit justice or judge" must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Court has rejected McCrary's habeas claims on the merits, to satisfy § 2253(c)(2), he must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails

13

to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. However, if McCrary chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal. 28 U.S.C. § 1915(a)(3).

For the reasons stated above, the Court DENIES WITH PREJUDICE McCrary's petition for a writ of habeas corpus and DENIES a certificate of appealability. McCrary is granted leave to appeal in forma pauperis.

SO ORDERED.

Dated: November 6, 2019

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 6, 2019.

        s/Erica Karhoff
        Case Manager to
        Honorable Laurie J. Michelson